UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALTICOR INC., a Michigan corporation, and AMWAY CORP., a Virginia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SNOWBIRD WHOLESALE INC., a New York corporation, and HONGLIANG WANG, a natural person,<br><br>Defendants. | Case No. 1:23-cv-01126-PLM-PJG<br><br>Hon. Paul L. Maloney |

**JUDGMENT ON DEFAULT WITH**
**PERMANENT INJUNCTION AND ASSET FREEZE ORDER**

Having considered the motion for default judgment ("Motion") filed by plaintiffs Alticor Inc. and Amway Corp. (collectively, "Plaintiffs") against defendants Snowbird Wholesale Inc. and Hongliang Wang ("Defendants"), it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

Plaintiffs' Motion is GRANTED.

1. Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment is entered in this matter against Defendants on Plaintiffs' claims for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) (Count I of the complaint); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count II); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c) (Count III); common law trademark infringement and unfair competition (Count IV); unfair competition in violation of MCL §§ 445.901, *et seq.* (Count V); and tortious interference with existing contracts (Count VI).

2. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are awarded damages in the form of Defendants' profits. Having considered the documentary evidence submitted with the Motion, the Court has determined that Plaintiffs are entitled to an award of damages of **$448,505.95**.

3. This Judgment also constitutes a permanent injunction. *See* 15 U.S.C. § 1116(a). The injunctive relief provisions of this judgment apply to Defendants as well as their agents, owners, servants, employees, and all persons or entities in active concert or participation with Defendants or Defendants' officers, agents, servants, employees, and attorneys (collectively, the "Enjoined Parties").

4. Plaintiffs have valid and subsisting trademarks. These trademarks include, but are not limited to: AMWAY® (U.S. Trademark Registration Nos. 716,672, 847,709, 4,031,832, 4,199,852, 4,289,794, and 4,481,517), NUTRILITE® (U.S. Trademark Registration Nos. 402,891, 689,389, 2,145,912, 3,535,340, 4,748,189, and 4,478,190), and ARTISTRY® (U.S. Trademark Registration Nos. 856,184, 1,505,505, 1,519,877, and 4,645,525), (collectively, the "Amway Trademarks"). Alticor Inc. owns the Amway Trademarks and has licensed them to Amway Corp., its wholly-owned subsidiary.

5. The Enjoined Parties are prohibited from:

   (a) Advertising or selling all Amway products or any products bearing the Amway Trademarks through **any storefront** on www.amazon.com ("Amazon"), including, **but not limited to**, the Amazon storefront that is currently called "LC INTERNATIONAL" and has an Amazon Merchant ID number of A18R2E0UPWYKMH;

    (b)    Advertising or selling, **through any medium** (including **all Internet and non-Internet channels**), all Amway products or any products bearing the Amway Trademarks;

    (c)    Importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Amway products as well as any products bearing any of the Amway Trademarks; and

    (d)    Disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Amway Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks.

6.    The Enjoined Parties must also destroy or return to Plaintiffs all Amway products or products bearing the Amway Trademarks that are in the Enjoined Parties' possession, custody, or control.

7.    Through its inherent equitable power, this Court also orders Amazon.com, Inc. ("Amazon.com") to freeze all funds in any accounts owned or controlled by Defendants. Amazon.com shall immediately freeze all such funds and block and prohibit the withdrawal or transfer of funds out of any such accounts by Defendants to preserve Defendants' assets to be used to satisfy this final judgment. Plaintiffs may notify Amazon.com of this order by electronic means, including by electronic mail with delivery confirmation. Amazon.com may petition the Court to modify the asset restraint set out in this final judgment.

8. This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion.

9. Each party shall bear its own costs, expenses, and attorneys' fees.

**IT IS SO ORDERED.**

**SIGNED** and **ENTERED** this  18th  day of       April         2024.

                                             /s/ Paul L. Maloney
                                           Hon. Paul L. Maloney
                                           United States District Judge